UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS O. BENITEZ,<br><br>Plaintiff,<br>v.<br>JAMES DZURENDA, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00190-MMD-WGC<br><br>ORDER |

Plaintiff, who is an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), previously submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) On December 16, 2019, the Court screened Plaintiff's Complaint. (ECF No. 6.) In its screening order, the Court dismissed Plaintiff's Fourteenth Amendment due process claim with prejudice for failure to state a claim. (*Id.* at 9.) Plaintiff has now moved for reconsideration of that ruling. (ECF No. 8.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff appears to be arguing that the Court committed clear error in its screening order. In its screening order, the Court explained that to state a colorable due process claim, Plaintiff was required to adequately allege that he had been denied a liberty interest, and the Court determined that Plaintiff had not adequately alleged a liberty interest in his parole eligibility date. (ECF No. 6 at 6.) In his motion for reconsideration, Plaintiff relies on

*Anselmo v. Bisbee*, 396 P.3d 848 (Nev. 2017), to argue that he has a Nevada statutory right to be considered for parole. (ECF No. 8 at 2-3.) He reasons that, on three separate occasions, under Nevada law, he had a right to be considered for parole at an earlier date and that he therefore had a liberty interest and a due process right to earlier consideration for parole. (*Id.* 8 at 2.)

Plaintiff is incorrect. *Anselmo* has no bearing on Plaintiff's case and did not concern parole eligibility dates. In *Anselmo*, the Nevada Supreme Court recognized that Nevada prisoners had no liberty interest in parole but ruled that eligible Nevada inmates do have a statutory right to have the Parole Board's internal guidelines concerning aggravating factors interpreted correctly when the Parole Board is determining whether to grant or deny them parole. *Anselmo*, 396 P.3d at 849-51.

Here, neither the internal guidelines nor the denial of parole are at issue. Plaintiff contends that officials failed to comply with NRS § 209.4465(7)(b) regarding the calculation of his parole eligibility dates. (ECF No. 8 at 2.) As the Court previously explained to Plaintiff in its screening order, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011); *see also Young v. Williams*, No. 2:11-cv-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout*, 562 U.S. at 219. The Supreme Court has held that, even when a state statute uses mandatory language, a state can create a liberty interest that invokes procedural protections under the Due Process Clause only if the state's action "will *inevitably* affect the duration of his sentence" or if there are prison conditions that impose "atypical and significant hardship

///

on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 487 (emphasis added).

The issue here is whether the incorrect calculation of Plaintiff's parole eligibility date *inevitably* affects the duration of his sentence. It does not. As the Court explained in its screening order, under Nevada's statutory parole scheme, parole is discretionary, not mandatory. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010). Therefore, the minimum term affects only when Plaintiff would be considered for parole, not when he would be entitled to be released. An earlier parole eligibility date does not inevitably affect the duration of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that speeding up *consideration* for parole does not necessarily imply the invalidity of the duration of the prisoner's sentence); *Klein v. Coblentz*, 1997 WL 767538, *4 (10th Cir. 1997) (relying on *Sandin* to hold that, where good time credits applied under state law only to determine the prisoner's parole eligibility date and not to a sentence reduction, the loss of credits did not inevitably increase the duration of the sentence and there was no liberty interest giving rise to due process protections); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1139 (D. Colo. 2010). Therefore, Plaintiff does not adequately allege a liberty interest and does not and cannot state a due process claim.

Plaintiff has not shown that the Court committed clear error in its screening order.

It is therefore ordered that the motion for reconsideration (ECF No. 8) is denied.

DATED THIS 22nd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE